IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DENNIS PETERSON and
BONNIE PETERSON                                                    PLAINTIFFS


v.                                                    CAUSE NO. 2:25CV123-LG-RPM


STATE FARM FIRE AND
CASUALTY COMPANY and
JOHN DOES 1–5                                                      DEFENDANTS

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

Dennis and Bonnie Peterson sued State Farm Fire and Casualty Company in state court after it denied coverage for storm damage that caused "extensive water damage" to their home.  Compl. [1-2] at 2.  State Farm removed the case to this Court on the basis of diversity jurisdiction.  The Petersons have filed a [8] Motion to Remand.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Petersons' Motion should be denied.

## BACKGROUND

The Petersons claim a storm damaged the roof of their home on November 15, 2024.  They filed a claim under a policy issued by State Farm.  After State Farm denied the claim, the Petersons filed this lawsuit alleging breach of contract.

## DISCUSSION

Federal courts are courts of limited jurisdiction, whose jurisdiction is conferred by the Constitution or Congress.  *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014).  A defendant may remove any civil

action over which federal courts have original jurisdiction.  *See* 28 U.S.C. § 1441(a).

Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of

all civil actions where the matter in controversy exceeds $75,000, exclusive of

interest and costs, and is between . . . citizens of different states."  28 U.S.C.

§ 1332(a)(1).  A federal court must presume that a lawsuit lies outside its limited

subject-matter jurisdiction, and the party invoking federal jurisdiction bears the

burden of establishing it.  *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*,

851 F.3d 530, 537 (5th Cir. 2017).

A defendant's notice of removal must contain "a short and plain statement of

the grounds for removal." 28 U.S.C. § 1446(a).  "By design, § 1446(a) tracks the

general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil

Procedure."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87

(2014).  Defendants need only provide evidence establishing grounds for removal

"when the plaintiff contests, or the court questions, the defendant's allegation."

*Webb v. 3M Co.*, 627 F. Supp. 3d 612, 619 (S.D. Miss. 2022).  "If the plaintiff

contests the defendant's allegation, then both sides submit proof and the court

decides, by a preponderance of the evidence, whether the amount-in-controversy

requirement has been satisfied."  *Carter v. Westlex Corp.*, 643 F. App'x 371, 375 (5th

Cir. 2016) (per curiam) (citation modified).

Here, the parties do not dispute that the parties are diverse,[1] but the

---

[1] The Petersons are citizens of Mississippi, Compl. [1-2] at 1, and State Farm is an
Illinois corporation having its principal place of business in Illinois, Notice of
Removal [1] at 2.

Petersons claim the amount in controversy is not satisfied. The amount in controversy is "an estimate of the amount that will be put at issue in the course of the litigation," in other words, "the value of the object of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022). The Fifth Circuit has adopted the following "framework for resolving disputes over the amount in controversy:"

> If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith. If the petition is silent . . . , the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

*Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (citation modified). "A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). If the defendant satisfies this burden, "removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). As another Mississippi federal court has explained:

> This court has long regarded a plaintiff's willingness, or refusal, to make a binding commitment to neither seek nor accept a verdict in excess of $75,000 as the "gold standard" in resolving amount in controversy issues. Indeed, this court has frequently accepted affidavits signed by plaintiffs which provide a commitment in this regard . . . , and it has likewise regarded their unwillingness to do so as crucial evidence on the amount in controversy issue.

*Capnord v. Cosey*, 618 F. Supp. 3d 348, 352–53 (N.D. Miss. 2023). "District courts

in Mississippi have required 'that such a binding stipulation or affidavit . . . be made by the plaintiff himself as opposed to his counsel since the plaintiff could hire different counsel and later seek more than $75,000.'" *Rhodes v. FDJ Trucking, LLC*, No. 4:22-CV-128-DMB-DAS, 2022 WL 17620281, at \*3 (N.D. Miss. Dec. 13, 2022) (quoting *Swanson v. Hempstead*, 267 F. Supp. 3d 736, 741 (N.D. Miss. 2017)).

"The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). "In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Brasell v. Unumprovident Corp.*, No. 2:01CV202-D-B, 2001 WL 1530342, at \*1 (N.D. Miss. Oct. 25, 2001) (citing *Allen*, 63 F.3d at 1336). "[T]hat the removing party bears the burden of proving the amount in controversy does not mean that the removing party cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *Robertson*, 814 F.3d at 240.

Thus, the Court must first review the Petersons' Complaint and determine whether it is facially apparent that the amount in controversy exceeded $75,000 at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The Petersons' Complaint did not specify the sum of damages they are seeking. They claimed their home "suffered extensive water damage," and they alleged that there was "clear evidence of roof damage and water damage." Compl.

[1-2] at 2–3.  They sought "compensatory damages, special damages, emotional distress damages, incidental and consequential damages, plus attorney's fees and costs, *Veasley* damages and pre-judgment and post-judgment interest."  *Id.* at 4.[2]

State Farm has the burden of proving that the amount in controversy was satisfied at the time of removal.  It relies on a line of cases holding, "[I]t is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000."  *See, e.g., Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006); *Steilberg v. Bradley*, No. 1:15CV269-LG-RHW, 2016 WL 1455454, at *2 (S.D. Miss. Apr. 12, 2016).  Since the Petersons are seeking damages for emotional distress, roof damage, "extensive water damage," and other unspecified damages in their Complaint, it is facially apparent that the amount in controversy exceeded $75,000 at the time of removal.

As further evidence of the amount in controversy, State Farm notes that the Petersons refused to sign an agreed order of remand stipulating that their claimed damages do not exceed $75,000.  The Petersons explain that they refused to sign the proposed remand order containing a damages stipulation because it "would prevent Plaintiffs from amending their Complaint to allege an amount in excess of the jurisdictional limit regardless of whatever negligent, grossly negligent, and/or bad

---

[2] See *Coogan v. Nationwide Prop. & Cas. Ins. Co.*, for a detailed discussion of "what is meant by '*Veasley* claims.'"  376 So. 3d 422, 429 (Miss. Ct. App. 2023) (citing *Universal Life Ins. Co. v. Veasley*, 610 So. 2d 290, 291–94, 296 (Miss. 1992)).  Essentially, "*Veasley* damages" are extracontractual damages awarded for an emotional distress claim.  *See Veasley*, 610 So.2d at 294–95.

faith actions or inactions State Farm could perform throughout the course of this litigation." Pls.' Reply [13] at 3 (citing *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 629 (5th Cir. 2008) (holding that an insurer's duty to reevaluate an insured's claim continues after a lawsuit has been filed).

The Fifth Circuit addressed a similar situation in *White v. FCI USA, Inc.*, where a plaintiff responded to a request for admission by "admit[ing] that her damages 'did not yet equal' $75,000 but 'it was possible that they will exceed $75,000.00 at the time of trial." 319 F.3d at 676 (citation modified). The Fifth Circuit determined, "Through this language, [the plaintiff] implied that the amount in controversy was not limited to the damages she suffered before her filing. Instead, [the plaintiff] indicated that she was seeking continuing and future damages as well." *Id.*[3] Therefore, the Petersons' refusal to sign the agreed order stipulating to the amount of damages is evidence that they are seeking more than $75,000 in this lawsuit.

Meanwhile, the Petersons claim that their Motion to Remand should be granted because they "made clear in their Memorandum [Doc. 12] that they seek an amount lower than $75,000." Pls.' Reply [13] at 7.[4] They argue that the amount in

---

[3] The court in *White* further noted that the plaintiff "failed to timely contest the removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *White*, 319 F.3d at 676.

[4] This Court has previously held that a plaintiff's unsworn statement made in a motion to remand does not satisfy the plaintiff's burden of showing it is "legally certain that his recovery will not exceed the amount stated in the state complaint." *Davis v. Kroger's Co., Inc.*, No. 3:19-CV-690-HTW-LRA, 2020 WL 13490063, at *4 (S.D. Miss. July 24, 2020).

controversy is not satisfied because their damages "only total $13,002.64," which is

"[t]he total cost to repair the roof." Mem. [9] at 1. They further state that "[t]hey

are seeking only to recover those benefits under the Policy that would allow them to

return their Home to its pre-damaged state, an amount below $75,000." *Id.* at 2. In

support of their Motion to Remand, the Petersons have provided a roof-repair

estimate in the amount of $13,002.64. They have also provided a post-removal

email in which their attorney informed counsel for State Farm that the Petersons

would accept $13,002.64 in full and final settlement of this case.

The statements in the Petersons' Memorandum directly conflict with the

allegations and ad damnum clause in their Complaint. Specifically, the Petersons

did not restrict their claim to roof damage in their Complaint. The conflicting

statements in the Memorandum cannot be considered by the Court because they are

an attempt to reduce the amount in controversy, post-removal. *See Gebbia*, 233

F.3d at 883 (explaining that jurisdictional facts must be judged at the time of

removal); *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de

Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.

1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d

211 (5th Cir.1998). ("[A] plaintiff may not defeat removal by subsequently changing

his damage request, because post-removal events cannot deprive a court of

jurisdiction once it has attached."). Of course, a post-removal affidavit that clarifies

the amount of damages sought at the time of removal can be considered in support

of remand if the amount of damages sought in the complaint is ambiguous.

*ANPAC*, 988 F.2d at 565.  But the Petersons have not submitted an affidavit of any

kind.  As another Mississippi federal court noted,

> [i]n the court's experience, plaintiffs almost uniformly attempt to meet
> the "legal certainty" test through an affidavit committing themselves
> to recovering less than the jurisdictional amount.  Tellingly, however,
> plaintiffs have failed to execute such an affidavit in this case, and it is
> difficult to discern why they would decline to do so if, as they contend,
> they seek less than $75,000 in this case.

*Capnord*, 618 F. Supp. 3d at 353 (quoting *Marion v. Rent-A-Ctr., Inc.*, No.

2:06cv193, 2007 WL 1703830, *2 (N.D. Miss. June 13, 2007)).

The Petersons' post-removal settlement demand is likewise not probative of

the amount in controversy at the time of removal, particularly since the settlement

demand only represented the estimated cost of repairing their roof and excluded

other damages alleged in their Complaint.  *See Pollet v. Sears Roebuck & Co.*, 46 F.

App'x 226, *1 (5th Cir. July 18, 2002) (holding that "any post-removal action taken

by [the plaintiff], including either of her post-removal settlement demands, is

immaterial to our determination whether her claims exceed $75,000 for the purpose

of establishing federal diversity jurisdiction").  As a result, the Petersons have not

shown that it is legally certain that their recovery will not exceed $75,000.  Their

Motion to Remand must be denied.

## CONCLUSION

It has long been established that a plaintiff who "does not desire to try his

case in the federal court . . . may resort to the expedient of suing for less than the

jurisdictional amount, and though he would be justly entitled to more, the

defendant cannot remove."  *Durbois*, 37 F.4th at 1061 (quoting *St. Paul Mercury*

*Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)).  Furthermore, plaintiffs can obtain remand by filing "a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present at the time of removal."  *White*, 19 F.3d at 676.

State Farm has demonstrated that it was facially apparent from the allegations in the Petersons' Complaint that the amount in controversy exceeded $75,000 at the time of removal, and the Petersons have not shown it is legally certain that their legal recovery will not exceed $75,000.  Therefore, the amount in controversy is satisfied, and the Petersons' Motion to Remand must be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [8] Motion to Remand filed by Dennis and Bonnie Peterson is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties shall promptly notify the magistrate judge of this order and submit a proposed order lifting the stay entered in this matter on September 16, 2025.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE